IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES RAY SIMS                                                                              PETITIONER
ADC #106331

v.                                           5:19cv00271-SWW-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I.    INTRODUCTION**

Petitioner Charles Ray Sims, an inmate at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) He claims his guilty plea to charges of first-degree battery and kidnapping was involuntary because he was unaware it would affect his parole eligibility. (*Id*. at 1-2.) According to Mr. Sims's Petition, state court records,[1] and the Arkansas Department of Correction website,[2] Mr. Sims pleaded guilty and was sentenced in June 2010. He filed his habeas petition over nine years later, on August 15, 2019. (Doc. No. 3.) I have conducted a preliminary review of Mr. Sims's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed.

**II.    ANALYSIS**

---

[1] *See State v. Sims*, 01SCR-09-224, http://caseinfo.arcourts.gov.
[2] *See* https://apps.ark.org/inmate_info/index.php.

2

Mr. Sims's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Mr. Sims did not pursue direct review of the judgment in this case, the period of limitation began running when the time for seeking direct review expired, in July of 2010. *See* Ark. R. App. Proc.–Crim. 2(a) (a notice of appeal must be filed within thirty days from the date of entry of judgment). This makes his habeas petition over nine years late. I note Mr. Sims's statement that he "had no idea that [he] would be ineligible for parole, until [he] got to ADC and received a time card." (Doc. No. 1 at 1.) Thus, under § 2244(d)(1)(D), the "factual predicate" of the claim became known to him when he began serving his sentence. Even assuming Mr. Sims

could show the period of limitation began running at that point, his habeas petition would still be too late.

From my review of state court records, any statutory tolling under § 2244(d)(2) would be insufficient. Mr. Sims filed a state habeas petition on February 14, 2014, which was denied on September 19, 2014. *See Sims v. State*, 39CV-14-16, http://caseinfo.arcourts.gov. His appeal was dismissed on February 5, 2015. *Sims v. State*, 2015 Ark. 41. Accordingly, his application for collateral review was pending for only about one year in total, which is not enough to save a federal habeas petition filed nine years too late.

Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Sims has not made either showing. He does say he cannot afford a lawyer and no legal organization would help him. (Doc. No. 1 at 1-2.) Although I am sympathetic to Mr. Sims's predicament, his *pro se* status and lack of legal knowledge and resources do not justify equitable tolling. *See, e.g.*, *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). Where a petitioner has encountered the kinds of obstacles faced by many if not most habeas petitioners, equitable tolling is not appropriate; Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008) (citing *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001)).

Finally, Mr. Sims's claim is meritless. The United States Supreme Court has held that a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the plea by showing a reasonable probability that, but for counsel's error,

4

...
...

he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The circumstances in *Hill* are similar to those presented here:

> Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.

*Id*. at 60. *See also Bowers v. State*, 292 Ark. 249, 250, 729 S.W.2d 170, 171 (1987) ("[E]rroneous advice concerning parole eligibility does not automatically render a guilty plea involuntary."); *Hill v. Lockhart*, 731 F.2d 568, 570-71 (8th Cir. 1984), *aff'd*, 474 U.S. 52 (1985) (neither the Federal nor Arkansas Rules of Criminal Procedure require that information about parole eligibility be explained to a defendant; "the constitutional requirements of a state court guilty plea include informing a defendant of a mandatory minimum sentence, but do not include informing him of his parole eligibility date").

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Sims's habeas petition is both untimely and meritless, dismissal is appropriate. If Mr. Sims has information to show he is entitled to either statutory or equitable tolling, he should so state in his objections to this recommendation.

## III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A

5

certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 20th day of September 2019.

                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE